## Perks & Higgins v. McCracken.

(Decided April 21, 1916.)

### Appeal from Ballard Circuit Court.

1. Navigable Waters—Boundaries—Ohio River—Boundary Between Kentucky and Illinois—Jurisdiction of Kentucky.—The boundary of Kentucky extends to the low water mark on the northwest side of the channel of the Ohio River as it ran when Kentucky became a State, and its jurisdiction as it then existed continues unaffected by the action of the forces of nature upon the course of the river.

2. Navigable Waters—Boundaries—Boundary Between Kentucky and Illinois—Location of Island—Evidence.—In an action for damages for removing sand and gravel from an island, evidence considered and held to show that the island is located between Kentucky and the low water mark of the channel of the Ohio River on its northwest side as it existed when Kentucky became a State, and is, therefore, a part of Kentucky.

3. Navigable Waters—Island—Accretion—Title.—An actual accretion to an island in the Ohio River is a part of the island itself, and as between the owner thereof and the owner of the Illinois shore, to which the added land is not an accretion, the title to such accretion is in the owner of the island, regardless of the direction in which the accretion runs.

4. Appeal and Error—Punitive Damage Instruction—A punitive damage instruction will not be regarded as prejudicial error where the amount of the verdict is not sufficient to cover the actual damages shown.

J. B. WICKLIFFE for appellants.

GUS THOMAS, W. T. WHITE and JAKE CORBETT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Affirming.

Alleging that he was the owner of a towhead or island sand bar in the Ohio river near Mound City, Illinois, and that the defendants, L. C. Perks and Thomas Higgins, had unlawfully entered thereon and dug and carried away large quantities of sand and gravel, plaintiff, Q. A. McCracken, brought this suit to recover damages in the sum of $3,000.00. The defendants denied plaintiff's title and pleaded title in one Henry Reed, the owner of the Illinois shore, and alleged that they had purchased from him the right to dig and remove the sand and gravel in question. The trial before a jury resulted in a verdict and judgment in plaintiff's favor for $900.00. The defendants appeal.

It appears that in the year 1854 the State of Kentucky issued to General Rawlings a patent to the island in question, and that the legal title thereto is now in plaintiff. The case turns on whether or not the island is Kentucky territory or is a part of the state of Illinois. When Virginia ceded to the United States the Northwest Territory in the year 1784 she retained title to the bed of the Ohio river to the low water mark on its north or northwest side. When Kentucky became a State on June 1st, 1792, she succeeded to the rights of Virginia. Her jurisdiction continues just as it existed at the time of her admission to the Union and is not affected by the action of the forces of nature upon the course of the river. State of Indiana v. State of Kentucky, 136 U. S. 479, 34 L. Ed. 329; Church v. Chambers, 3 Dana, 279; McFarland v. McKnight, 6 B. Mon. 500; Fleming v. Kenney, 4 Marshall, 155. The question is, where was the low water mark at the time Kentucky became a State, and does the island in question lie between the low water mark as it then existed and the Kentucky shore? If so, it is a part of Kentucky. While defendants introduced some evidence to the effect that the island in question had been connected with the mainland on the Illinois side for a great many years, the decided weight of the evidence is to the effect that the sand bar from which the gravel and sand were removed is an accretion to the towhead originally patented, and that many years ago the channel separating the island from the main Illinois shore was very much broader and deeper that it now is, and was navigable at all seasons of the year; and although the channel has since then been filled up and at times is almost dry, yet, during a large portion of the year it is navigable,

even at the present time, by very large boats. Of course, the evidence does not carry us back to the time of the cession of the Northwest Territory or to the time when Kentucky became a State, but, in view of the fact that a great many years ago the channel between the island and the mainland was very much broader and deeper that it is now, we conclude that the evidence fully sustains the conclusion of the jury that the island in question lies between the Kentucky shore and the low water mark of the Ohio on its northwest side as it existed when Kentucky became a State.

But the point is made that the sand and gravel were removed from a sand bar not included within the Rawlings survey; but as this sand bar does not lie at right angles to the thread of the stream but is parallel therewith, plaintiff is not the owner of the sand bar by virtue of the ownership of the island or towhead.

In the first place, it may be said that while there is some evidence tending to show that the sand and gravel were not removed from that part of the towhead covered by the patent, the weight of the evidence is to the contrary. In the second place, the doctrine contended for is not applicable to the facts of this case. This is not a contest between the riparian proprietors of lots originally fronting on the Ohio river on the Kentucky side. In such a case the owners of the lots are entitled to the land added thereto by accretion, to be ascertained by extending the original river frontage of the respective lots as nearly as practicable at right angles with the course of the river. Miller, &c. v. Hepburn, 8 Bush 326. Nor is it a contest between Kentucky shore owners, or between the owner of an island and a Kentucky shore owner, or between the owners of separate islands, over the ownership of an independent island lying in the Ohio river. It is a question of title between the owner of an island to which the sand bar is an actual accretion and the owner of the Illinois shore to which it is not an accretion. Being an actual accretion to, and, therefore, a part of the towhead island, the title thereto is in the owner of the island, regardless of the direction in which the accretion runs.

Another error relied on is the giving of an instruction authorizing punitive damages. Whether or not the case is one calling for punitive damages, we deem it unnecessary to decide. A careful examination of the record convinces us that the sum fixed by the jury is not sufficient

to cover the actual damages sustained. That being true, the giving of the instruction authorizing punitive damages, even though erroneous, cannot be regarded as prejudicial error. St. Bernard Mining Co. v. Ashby, 164 Ky. 417, 175 S. W. 626.

Judgment affirmed.